UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MICHAEL RAGLAND,
                        Plaintiff,

       -against-                                        MEMORANDUM DECISION
                                                          AND ORDER

CITY OF NEW YORK, BRIAN WILKENS and           20 Civ. 3556 (GBD)
JOHN or JANE DOES 1-10,

                               Defendants.
------------------------------------------------------------------ x
GEORGE B. DANIELS, United States District Judge:

      Plaintiff Michael Ragland brings this action under 42 U.S.C. §§ 1981, 1983, and 1988, and New York State Law, against Defendants City of New York and Police Officer Brian Wilkens, (collectively, "Defendants"). Plaintiff's claims arise out of his April 15, 2019 arrest for fraudulent accosting pursuant to New York Penal Law § 165.30(1). (See Compl., ECF No. 1, ¶¶ 1, 2.) Plaintiff claims that he was unlawfully arrested because Defendants lacked probable cause.[1] (Id. ¶ 2.)

      On February 25, 2022, this Court denied Defendants' first motion for summary judgment as to Plaintiff's claims for unlawful search and seizure, false arrest and false imprisonment, assault and battery, and failure to intervene.[2] (February 25, 2022 Mem. Decision and Order, ("February 25, 2022 Order"), ECF No. 52 at 1–2.)

      Before this Court is Defendants' second motion for summary judgment after discovery. (See Defs.' Second Mot. for Summ. J., ("Defs. Mot."), ECF No. 74.) Defendants argue that Officer

---

[1] The relevant factual and procedural background is set forth in greater detail in this Court's February 25, 2022 Order, which is incorporated by reference herein.

[2] This Court granted Defendants' motion for summary judgment as to Plaintiff's claims for malicious prosecution, malicious abuse of process, excessive force, denial of right to fair trial, deprivation of rights and denial of equal protection, negligent hiring, training, retention, and supervision, and municipal liability.

1

Wilkens' deposition testimony demonstrates that Defendants had probable cause to arrest Plaintiff for fraudulent accosting, that no issue of material fact exists regarding Plaintiff's claims, and that Defendants are therefore entitled to summary judgment as a matter of law.[3] (Defs. Mot. at 9–10.) Defendants' motion for summary judgment is DENIED as to Plaintiff's claims for unlawful search and seizure, false arrest and false imprisonment, and assault and battery.[4]

## I. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS DENIED

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact.

There is a factual dispute regarding whether Defendants had probable cause to arrest Plaintiff. Therefore, summary judgment on Plaintiff's unlawful search and seizure and false arrest and false imprisonment claims is inappropriate. Defendants contend that police observations provided probable cause to arrest Plaintiff for fraudulent accosting. (Defs. Mot. at 13.) A genuine issue exists as to whether Plaintiff initiated contact with the passengers in a manner consistent with the "accosting" element of § 165.30(1). Plaintiff claims that he was approached by the victims who asked for his assistance. Officer Wilkens claims that he observed Plaintiff approach the victims to assist them to hail a cab and to solicit payment.[5]

---

[3] Officer Wilkens had not been deposed when Defendants filed their first motion for summary judgment.

[4] At oral argument on February 21, 2023, Plaintiff's counsel stated that Plaintiff was abandoning his claim for failure to intervene. Plaintiff's failure to intervene claim is therefore DISMISSED.

[5] Additionally, Defendants now have Plaintiff's extensive criminal record for fraudulent accosting, which there is no evidence that Officer Wilkens was aware of at the time of Plaintiff's arrest.

With those material issues in dispute, probable cause in this case is best suited for jury determination. "Assessments of credibility and choices between conflicting versions of the events, are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). Defendants also move for qualified immunity for Officer Wilkens with respect to Plaintiff's false arrest and false imprisonment claim. Under federal law, or governmental immunity under New York Law, facts presented at trial can demonstrate whether the Defendants' decision to search and arrest Plaintiff under such circumstances was "objectively unreasonable." *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007); *see also Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995) ("if any reasonable trier of fact could find that the defendants' actions were objectively unreasonable, then the defendants are not entitled to summary judgment [on qualified immunity grounds]."). A question of fact also exists requiring trial on this issue. Defendants' motion for summary judgment on these claims is DENIED.

Since there is a genuine issue of material fact on the issue of probable cause, it is also inappropriate to grant Defendants' motion for summary judgment on Plaintiff's assault and battery claim. If a police officer lacks probable cause to effect an arrest, any force used by the officer in effectuating the arrest, including the application of handcuffs, constitutes assault and battery. *See Biswas v. City of New York*, 973 F. Supp. 2d 504, 531 (S.D.N.Y. 2013). Since there is a genuine dispute of material fact on whether Officer Wilkens had probable cause to arrest Plaintiff, summary judgment on Plaintiff's assault and battery claim is inappropriate. Defendants' motion for summary judgment on this claim is also DENIED.

## II.   CONCLUSION

Defendants' second motion for summary judgment is DENIED. The Clerk of Court is instructed to close the open motion at ECF No. 73.

Dated: New York, New York
      February 23, 2023

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4